DocuSign Envelope ID: E47CFED4-96AA-4940-8D26-8A6E5E737ED7
Case 1:18-cv-05951-PGG   Document 14   Filed 09/14/18   Page 1 of 12
Case 1:18-cv-05951-PGG   Document 13   Filed 09/13/18   Page 1 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS J. OLSEN, Individually and on behalf of all other persons similarly situated,

Plaintiff,

v.

LANVIN INC. AND YNAP CORPORATION,

Defendants.

ECF CASE

No.: 1:18-cv-5951 (PGG)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/18
```

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiff Thomas J. Olsen ("Plaintiff"), and Defendants Lanvin Inc. ("Lanvin") and YNAP Corporation ("YNAP" and together with Lanvin, collectively "Defendants"; Plaintiff and Defendants are collectively referred to as the "Parties" and individually as "Party" for the purposes and on the terms specified herein).

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. On June 30, 2018, Plaintiff filed this putative class action lawsuit on behalf of himself and all others similarly situated against Defendants (the "Action"). Plaintiff alleges that those U.S. portions of the website directed at consumers, which can be accessed by U.S. based

1

DocuSign Envelope ID: E445FEb4-86A9-4349-9B26-8A6F5E737EF7
Case 1:18-cv-05951-PGG   Document 14   Filed 09/14/18   Page 2 of 12
Case 1:18-cv-05951-PGG   Document 13   Filed 09/13/18   Page 2 of 12

consumers through the use of the domain name http://www.lanvin.com (the "Website", as further defined in Paragraph 14), contain barriers that prevent full and equal use by blind persons, in violation of Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("ADA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

4. Defendants expressly deny that the Website violates any federal, state or local law, rule or regulation, including the ADA, NYSHRC and NYCHRC. By entry into this Consent Decree, Defendants do not acknowledge or admit any violation of any law or any wrongdoing of any kind in any respect.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint (the "Complaint") and those claims or issues which arise from such allegations.

6. This Consent Decree is entered into by Plaintiff, individually, prior to a determination on class certification. Therefore, notice to the putative class of this Consent Decree is not required under Fed. R. Civ. P. 23(e) nor appropriate.

## JURISDICTION

7. Plaintiff alleges that Defendants are private entities that own and/or operate, or have contracts to operate or develop, the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA. 42 U.S.C §12181(7); 12182(a); 28 C.F.R. §§ 36.104, 36.201(a). Defendants deny that the Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8. Plaintiff is suing on his own behalf, and on behalf of all other individuals similarly situated as an aggrieved person pursuant to 42 U.SC. § 12188(b)(2)(b).

9. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

## AGREED RESOLUTION

10. Plaintiff and Defendants agree that it is in the Parties' best interest to resolve this Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint.

In resolution of this action, the Parties hereby AGREE to and the Court expressly APPROVES, ENTERS, AND ORDERS the following:

## DEFINITIONS

11. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12. "Person(s) with a visual impairment" means any person who has a visual impairment who meets the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

13. "Reasonable Efforts" means the commercially reasonable efforts that a reasonable person in Defendants' position would use to improve the existing level of accessibility of the Website to Persons with a visual impairment by using the Worldwide Web Consortium's Web Content Accessibility Guidelines ("WCAG") as a guideline to make such improvements, in accordance with the level agreed upon between the Parties in the Settlement Agreement (as defined below). Any disagreement by the Parties as to whether Defendants have used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 19 through 25 of this Consent Decree. Reasonable Efforts shall be interpreted so as not to require Defendants to undertake efforts whose cost, difficulty or impact on Defendants or their affiliates' Website-related operations would constitute

3

DocuSign Envelope ID: E445F8D4-B5A9-4349-BE24-8A0F5D737EF7
Case 1:18-cv-05951-PGG   Document 14   Filed 09/14/18   Page 4 of 12
Case 1:18-cv-05951-PGG   Document 13   Filed 09/13/18   Page 4 of 12

an undue burden, as defined in Title III of the ADA but as applied to Defendants' consumer focused merchandise-selling Website-related operations, or would otherwise require efforts that are virtually impossible, are not commercially reasonable, readily achievable or technically feasible or constitute a fundamental alteration of the Website's features or primary use.

14. The Website, as initially defined in Paragraph 3 above, means the U.S. portion of the eCommerce webpages owned and/or operated by or on behalf of Defendants that allow consumers to obtain information about Lanvin's products and services and purchase products on-line for delivery to their homes or places of business in some geographic areas. The term "Website" does not include any mobile applications or Third-Party Content (as defined below), nor does it apply to any portions of the Website directed at business users or Defendants' business partners, or those designated for internal use by Defendants or their affiliates or to websites not owned, operated, coded, managed or controlled by Defendants but that are linked from or to the Website or its mobile applications.

15. "Third-Party Content" means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendants, or hosted on the Website.

### TERM

16. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for thirty-seven (37) months from the Effective Date.

### COMPLIANCE WITH TITLE III OF THE ADA

17. Web Accessibility Conformance Timeline: Lanvin shall use Reasonable Efforts to improve the existing level of accessibility of the Website to Persons with a visual impairment within thirty-seven (37) months of the Effective Date. Notwithstanding anything to the contrary contained herein and for the avoidance of doubt, with respect to the Website, neither YNAP nor any of its affiliates shall have any obligations with respect to the accessibility the Website nor

DocuSign Envelope ID: E245FD4-85A94-4D-952b-1A95E737F7
Case 1:18-cv-05951-PGG Document 14 Filed 09/14/18 Page 5 of 12
Case 1:18-cv-05951-PGG Document 13 Filed 09/13/18 Page 5 of 12

will Plaintiff have any recourse against YNAP or any of its affiliates under this Consent Decree with respect to the Website.

## SPECIFIC RELIEF TO PLAINTIFF

18. Specific Relief: Plaintiff and Defendants have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters, relating to any alleged inaccessibility of the Website through a separate agreement (the "Settlement Agreement") hereby incorporated by reference into this Consent Decree. The Settlement Agreement shall be provided to the Court in camera for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

19. The procedures set forth in Paragraphs 19 through 24 must be exhausted in the event that (i) Plaintiff alleges that Defendants have failed to meet their respective obligations pursuant to this Consent Decree or (ii) Defendants allege that there is a criteria of WCAG with which they cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendants in connection with such allegations until the following procedures have been exhausted.

20. If a Party believes that the other Party hereto has not complied in all material respects with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party (the "Notice of Non-Compliance").

DocuSign Envelope ID: E245F89E-E973-4C07-A9E5-8737EF7D06A0
Case 1:18-cv-05951-PGG   Document 14   Filed 09/14/18   Page 6 of 12
Case 1:18-cv-05951-PGG   Document 13   Filed 09/13/18   Page 6 of 12

Plaintiff will notify Defendants in writing after the dates for their compliance set forth herein if Plaintiff believes that there is in any way not compliant with this Consent Decree. Defendants will notify Plaintiff in writing if they believe there is a criteria of this Consent Decree with which they cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 29. Plaintiff waives any and all rights that he may otherwise have to recover from Defendants any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any Notice of Non-Compliance and related activities.

21. Within thirty (30) days of either Party receiving Notice of Non-Compliance as described in Paragraph 20, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

22. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 21, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether those item(s) of the Website are in substantial conformance with Defendants' obligations under Paragraph 17 above.

23. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that the particular item(s) of the Website are not in substantial conformance with Lanvin's obligations under Paragraph 17 above and (b) Defendants, as applicable, fail to remedy the issue within a reasonable period of time of not less than ninety (90) days after receiving the independent accessibility consultant's written opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be in substantial compliance is longer than ninety (90) days, then the Parties

DocuSign Envelope ID: E4A2FFD4-96A64340-9026-8A9458737E72
Case 1:18-cv-05951-PGG   Document 14   Filed 09/14/18   Page 7 of 12
Case 1:18-cv-05951-PGG   Document 13   Filed 09/13/18   Page 7 of 12

may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be in substantial compliance cannot be remedied using Reasonable Efforts, Defendants shall not be obligated to remedy that item.

24. The determination and award of the independent accessibility consultant will be enforceable in this Court. All costs related to the independent accessibility consultant shall be borne equally by the Parties. Each Party shall bear their own costs, expenses, attorney fees and expert fees in connection with the determination and award of the independent accessibility consultant.

25. Any of the time periods set forth in Paragraphs 19 through 23 may be extended by a written agreement signed by all of the Parties.

26. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail or facsimile and by overnight express mail, addressed as follows:

    For PLAINTIFF:    Douglas B. Lipsky, Esq.
    Lipsky Lowe LLP
    630 Third Avenue, Fifth Floor
    New York, NY 10017-6705
    Phone: 212-392-4772
    Fax: 212-444-1030
    Email: doug@lipskylowe.com

    For DEFENDANTS:    Gina M. Piazza, Esq.
    Tarter Krinsky & Drogin LLP
    1350 Broadway
    New York, NY 10018
    Phone: (212) 216-1129
    Fax: (212) 216-8001
    Email: gpiazza@tarterkrinsky.com

DocuSign Envelope ID: E445BFED4-05A9A340-BE24-BA0B4B737EB2
Case 1:18-cv-05951-PGG Document 14 Filed 09/14/18 Page 8 of 12
Case 1:18-cv-05951-PGG Document 13 Filed 09/13/18 Page 8 of 12

## MODIFICATION

27. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

28. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York. This Court shall retain jurisdiction over this matter for purposes of enforcement of this Consent Decree in accordance with its terms.

29. This Consent Decree contains the entire agreement of the Plaintiff and the Defendants concerning the subject matter described in Paragraph 3, other than the terms of the Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any Party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

30. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

31. This Consent Decree shall be binding on the Parties and their respective heirs, executors, administrators, personal or legal representatives, successors and assigns. In the event that the Defendants seek to transfer or assign all or part of their interest in any service covered by

8

DocuSign Envelope ID: E4A5FED4-9FA84349-8E26-BAD45B737E72
Case 1:18-cv-05951-PGG   Document 14   Filed 09/14/18   Page 9 of 12
Case 1:18-cv-05951-PGG   Document 13   Filed 09/13/18   Page 9 of 12

this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website or online services, then the successor or assignee shall be solely responsible for their respective obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

32. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all Persons with a visual impairment, which visually-impaired persons shall constitute third-party beneficiaries to this Consent Decree.

33. Plaintiff and Defendants agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, such Party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

34. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

35. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

[SIGANTURES TO FOLLOW]

DocuSign Envelope ID: E4A2FED4-16A8-4340-B240-BA0B5E737E70
Case 1:18-cv-05951-PGG   Document 14   Filed 09/14/18   Page 10 of 12
Case 1:18-cv-05951-PGG   Document 13   Filed 09/13/18   Page 10 of 12

Dated: _9/7/2018 3:13:27 PM EDT_

*DocuSigned by:*
*Thomas J. Olsen*
5B9128965DC54B2

THOMAS J. OLSEN

LANVIN INC.

Dated: _____

By: _____
Its: _____

YNAP CORPORATION

Dated: _____

By: _____
Its: _____

APPROVED AS TO FORM AND CONTENT:

Dated: _9/7/18_____

LIPSKY LOWE LLP

By: _____
Douglas B. Lipsky, Esq.
630 Third Avenue, Fifth Floor
New York, NY 10017-6705
Phone: 212-392-4772
Fax: 212-444-1030
Email: doug@lipskylowe.com
Attorneys for Thomas J. Olsen

Dated: _____

TARTER KRINSKY & DROGIN LLP

By: _____
Jonathan Temchin, Esq.
1350 Broadway
New York, NY 10018
Phone: (212) 216-1139
Fax: (212) 216-8001
Email: jtemchin@tarterkrinsky.com
Attorneys for Defendants Lanvin Inc. and YNAP Corporation

SO ORDERED:

_____
U.S.D.J.

Dated: _____        _____
                                      THOMAS J. OLSEN

                                      LANVIN INC.

Dated: _____        By: _____
                                      Its: _____


                                      YNAP CORPORATION
Dated: __9/12/18_____        By: _William F Duff_____
                                      Its: _PRESIDENT_____


APPROVED AS TO FORM AND CONTENT:

Dated: _____        LIPSKY LOWE LLP


                                      By:_____
                                      Douglas B. Lipsky, Esq.
                                      630 Third Avenue, Fifth Floor
                                      New York, NY 10017-6705
                                      Phone: 212-392-4772
                                      Fax: 212-444-1030
                                      Email: doug@lipskylowe.com
                                      Attorneys for Thomas J. Olsen


Dated: __9/12/18_____        TARTER KRINSKY & DROGIN LLP

                                      By: _____
                                      Jonathan Temchin, Esq.
                                      1350 Broadway
                                      New York, NY 10018
                                      Phone: (212) 216-1139
                                      Fax: (212) 216-8001
                                      Email: jtemchin@tarterkrinsky.com
                                      Attorneys for Defendants Lanvin Inc. and
                                      YNAP Corporation


SO ORDERED:

_____
U.S.D.J.

Dated: _____          _____
                                 THOMAS J. OLSEN

                                 LANVIN INC.

Dated:   9/10/18                 By: _____
                                 Its:  CEO


                                 YNAP CORPORATION

Dated: _____          By: _____
                                 Its: _____

APPROVED AS TO FORM AND CONTENT:

Dated: _____          LIPSKY LOWE LLP


                                 By:_____
                                 Douglas B. Lipsky, Esq.
                                 630 Third Avenue, Fifth Floor
                                 New York, NY 10017-6705
                                 Phone: 212-392-4772
                                 Fax: 212-444-1030
                                 Email: doug@lipskylowe.com
                                 Attorneys for Thomas J. Olsen


Dated: _____          TARTER KRINSKY & DROGIN LLP


                                 By: _____
                                 Jonathan Temchin, Esq.
                                 1350 Broadway
                                 New York, NY 10018
                                 Phone: (212) 216-1139
                                 Fax:  (212) 216-8001
                                 Email: jtemchin@tarterkrinsky.com
                                 Attorneys for Defendants Lanvin Inc. and
                                 YNAP Corporation

The Clerk of Court is directed to close this case

SO ORDERED:
_____
   Paul G. Gardephe
U.S.D.J.
            Sept. 14, 2018

10